UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **BITUMINOUS CASUALTY CORP.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-CV-84-SNLJ |
| ) | |
| **SCOTTSDALE INSURANCE CO., et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

On May 18, 2012, plaintiff Bituminous Casualty Corporation ("Bituminous") filed its complaint for declaratory judgment against the defendants, Scottsdale Insurance Company, Brent Irwin, Selena Irwin, David Retherford, Jr., and Jacqueline Retherford. Plaintiff requested a judgment declaring that there was no coverage under its insurance policy for an underlying action between the Retherfords and the Irwins currently pending in the Circuit Court of Bollinger County, Missouri. In the underlying action, *Retherford v. Irwin*, the Retherfords seek damages from the Irwins for damage allegedly done to the Retherfords' property. Bituminous has a commercial insurance policy with Brent Irwin, d/b/a Irwin Land Grading, and Bituminous contends that it has no duty to defend or indemnify Brent Irwin d/b/a Irwin Land Grading for the damages alleged by the Retherfords. Bituminous also contends that it is entitled to contribution from Scottsdale Insurance Company for the defense costs incurred in the Bollinger County lawsuit.

Bituminous served Brent and Selena Irwin with the Complaint and Summons on May 30, 2012, so the Irwins' answer was due on June 20, 2012. On July 20, 2012, the Irwins had not

answered, so Bituminous sought and obtained an Entry of Default from the clerk. This Court entered a Default Judgment against the Irwins on July 24, 2012 (#22).

The Irwins moved to set aside the default judgment on September 6, 2012 (#30). The Irwins have also moved for oral argument as to this matter (#35).

**I.      Legal Standard**

Federal Rule of Civil Procedure 55(c) provides that the Court may set aside an entry of default "[f]or good cause shown," and it may set aside a default judgment "in accordance with Rule 60(b)." Under Rule 60(b)(1), the Court may relieve a party from a final judgment for "mistake, inadvertence, or excusable neglect." "Excusable neglect" in this context is generally "'understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence.'" *Union Pac. R.R. v. Progress Rail Servs. Corp.*, 256 F.3d 781, 782 (8th Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993)). In assessing whether such neglect is excusable, several factors are relevant, including (1) the length of the delay and its potential impact on proceedings; (2) the danger of prejudice to the non-moving party; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it was within the reasonable control of the movant. *Pioneer*, 507 U.S. at 395. The Court takes into account "all relevant circumstances surrounding the party's omission." *Id*. In addition, "the existence of a meritorious defense" should be considered when examining whether the judgment should be set aside. *Union Pac. R.R.*, 256 F.3d at 783; *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

**II.     Discussion**

The Irwins argue that their failure to answer the complaint was due to their excusable neglect because, they say, they believed that the summons with which they were served was related to the *Retherford v. Irwin* case pending in Bollinger County.  The Irwins were represented in that case by James Spain, the attorney retained by Bituminous to represent them under a reservation of rights.  Bituminous, on the other hand, was represented by attorney Beth Boggs.  The Irwins suggest that they were accustomed to receiving correspondence from both Ms. Boggs and Mr. Spain regarding the Bollinger County case.  Thus, they say, when they received the summons and complaint that were signed by Ms. Boggs in this case, they believed their attorney Mr. Spain would take care of it.

Plaintiff Bituminous contends that the Irwins could not have reasonably believed that they were represented by counsel in this matter.  First, Bituminous says its counsel Ms. Boggs has communicated with the Irwins solely to inform them that (1) Bituminous would provide them counsel under a reservations of rights, and (2) Ms. Boggs was counsel only for Bituminous.  Second, Bituminous states that it never represented to the Irwins that Mr. Spain's representation extended to any matter beyond the underlying Bollinger County action.

Notably, however, the Irwins do not say they believed Mr. Spain represented them in this matter.  Rather, the Irwins profess to have believed that the summons was related to the Bollinger County action, for which Mr. Spain was responsible.  Bituminous fails to comprehend how a lay person could be confused by the similarities between the Bollinger County case, for which Bituminous was supplying a defense attorney for the Irwins, and the present case, which names as parties Bituminous, the Retherfords, the Irwins, and another insurance company.  It is

3

understandable to this Court how, given the similarities between the two cases, the Irwins might have been confused. It is particularly noteworthy that Bituminous does not contend that it explicitly advised the Irwins of the separate suit, nor does it appear that Mr. Spain specifically advised the Irwins of the separate suit or of his inability to assist them with it.

Applying the "excusable neglect" factors set forth in *Pioneer*, 507 U.S. at 395, to this case, the Court holds that the Irwins are entitled to have the default judgment set aside. First the length of the delay and its potential impact on proceedings is small. Four days passed between the entry of default and the default judgment, and then approximately six weeks passed before the Irwins filed their motion. Although the Irwins' motion was hardly prompt, the delay was not excessive considering that they received notice of the default by mail, that they had to engage different counsel, and that they drafted and filed an answer to the complaint in that time. *Cf. Stephenson v. El-Batrawi*, 524 F.3d 907 (8th Cir. 2008) (affirming denial of motion to vacate entry of default where defendant did not appear for three years). Second, the danger of prejudice to the plaintiff is minimal here, where there has been no discovery nor even entry of a case management order. Third and fourth, the Irwins appear to be acting in good faith, and the reason for delay — confusion resulting from the filing of a new but related case having similar parties and attorneys — although "in the reasonable control of the movant," was understandable when considering the circumstances.

Finally, the Irwins have set forth their defenses in their memorandum and their answer, which they filed with the Court (#44). "Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." *Id.* at 914 (internal quotations omitted). The Eighth Circuit has affirmed a district court's refusal to

4

vacate an entry of default, for example, where the defaulting party failed to provide "sufficient elaboration of facts or evidence" to support the existence of a meritorious defense.  *Id.*  Plaintiff, citing *Stephenson*, 524 F.3d at 914, contends that the Irwins' defenses lack substance and rely only on "bald allegations without the support of facts."    Plaintiff fails to appreciate, however, that this matter is an insurance coverage dispute and rather unlike *Stephenson*, which involved securities fraud and thus was highly fact-intensive.  The Irwins' defenses, which go to whether there is coverage for the Retherfords' claims, are necessarily legal in their nature.  The Court also recognizes that there is a "strong judicial policy against default judgments" and a "preference for adjudication on the merits," *Oberstar v. F.D.I.C.*, 984 F.2d 494, 504 (8th Cir. 1993).  Although the Irwins' defenses have not been presented in detail, they would, if proven, necessitate a verdict in their favor.  *Cf. Union Pac. R.R.*, 256 F.3d at 783.

Ultimately, the Irwins' failure to answer the complaint was "attributable to negligence," which is encompassed by Rule 60(b)(1)'s concept of excusable neglect.  *Id.*  When the Irwins realized their mistake, they set out to correct it.  Their motion to set aside the default judgment will be granted.

Accordingly,

IT IS HEREBY ORDERED that defendants Brent and Selena Irwin's Motion to Set Aside Default Judgment (#30) is GRANTED.

IT IS FURTHER ORDERED that defendants Brent and Selena Irwin's motion seeking oral argument of this matter (#35) is DENIED as moot.

Dated this  29th  day of November, 2012.

_____
UNITED STATES DISTRICT JUDGE