UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **BITUMINOUS CASUALTY CORP.,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 1:12-CV-84-SNLJ |
| | ) |
| **SCOTTSDALE INSURANCE CO., et al.,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to compel (#56).  Plaintiff served its first set of interrogatories on defendant Farmers Insurance Company on November 28, 2012.  The parties are in disagreement over defendant's response to Interrogatory 15.  That interrogatory, and defendant's response, read as follows:

> 15.     If it is your contention that Plaintiff is not entitled to equitable contribution in this matter, please identify any and all facts in support of said contention.
>
> **ANSWER**:    Objection, premature, calls for a legal conclusion or in the alternative, involves an opinion or conclusion that relates to fact or the application of law to fact and therefore that answers should be deferred until discover has been completed, work product, overly broad and vague.  *Mid-America Facilities, Inc. v. Argonaut Ins. Co.*, 78 F.R.D. 497, 498 (E.D. Wis. 1978).  *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

Plaintiff contends, quoting Federal Rule of Civil Procedure 33, that "an interrogatory is not objectionable merely because the answer involves an opinion or contention that relates to fact or the application of law to fact."  Fed. R. Civ. P. 33(a)(2).  That Rule goes on to state that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."  *Id.*

Interrogatories such as this one are known as "contention interrogatories." Contention interrogatories may be helpful "in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense." *Moses*, 236 F.R.D. at 674. Contention interrogatories may encompass several types of questions:

> They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.

*In re Grand Casinos, Inc., Sec. Litig.*, 181 F.R.D. 615, 618 (D . Minn.1998) (quoting *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn.1996), *quoted in Turner v. Moen Steel Erection, Inc.*, No. 8:06CV227, 2006 WL 3392206, *4 (D. Neb. Oct. 5, 2006).

Notably, a contention interrogatory will be considered overly broad and unduly burdensome "if it seeks 'all facts' supporting a claim or defense, such that the answering party is required to provide a narrative account of its case." *Moses*, 236 F.R.D. at 674; *see also Turner*, 2006 WL 3392206, at *4.

The Court agrees with defendant Farmers that the subject interrogatory deals with an ultimate issue in the case, and the Court will sustain Farmers's objection. In addition, the Court agrees that the interrogatory is, on its face, overly broad and unduly burdensome to the extent it asks Farmers to state "any and all facts" that support its contention. The Court will therefore direct Farmers to answer the interrogatory within 30 days of the close of discovery, but the Court will limit the interrogatory to the "material" or "principal" facts that support its contention. *See, e.g.*, *Moses*, 236 F.R.D. at 674.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Compel (#56) is **GRANTED** in part and **DENIED** in part, and

**IT IS FURTHER ORDERED** that defendant shall respond to plaintiff's Interrogatory 15 within 30 days of the close of discovery, except that defendant shall provide only "material" or "principal" facts in support of its contention.

Dated this 8th day of April, 2013.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE